IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR FRED MONTOYA,      § | | |
| Plaintiff,           § | | |
| § | | |
| v.                               § | | No. 3:14-CV-1372-B-BK |
| § | | |
| DALLAS COUNTY BAIL BOND BOARD, § | | |
| Defendant.           § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On April 15, 2014, Plaintiff filed a *pro se* complaint against the Dallas County Bail Bond Board (DCBBB), which was automatically referred to the magistrate judge. *See* 28 U.S.C. 636(b) and Special Order 3. The undersigned then granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

Plaintiff asserts the DCBBB discriminated against him and harassed him based on his race and color when it revoked his bail bond surety license on April 12, 2012. [Doc. 3 at 1-2, 6-7; Doc. 11 at 1]. He avers violations under Title VII, the Rehabilitation Act, and the Age Discrimination in Employment Act (ADEA), as well as 42 U.S.C. §§ 1981 and 1983. [Doc. 3 at 6-7]. Plaintiff also pleads state law claims for false light and intentional infliction of emotional distress. [Doc. 3 at 1-2]. He seeks injunctive, declaratory, and monetary relief. [Doc. 3 at 2, 7-8].

**II. ANALYSIS**

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if

the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, Plaintiff's claims fail to state a claim on which relief may be granted.

Even assuming Plaintiff's filings meet the pleading requirements under the Civil Rights Act and for intentional infliction of emotional distress, his claims are time barred. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (in *in forma pauperis* actions, court "may raise the defense of limitations *sua sponte* . . . [and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations") (quotations and quoted case omitted). Texas' two-year personal injury limitations period, TEX. CIV. PRAC. & REM. CODE § 16.003(a) (West), governs causes of action under 42 U.S.C. §§ 1981 and 1983. *See Stanley*, 464 F.3d at 568 (applying two-year limitations period to section 1983 action); *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (applying two-year limitations period to section 1981 claim). The same two-year limitations period applies to claims for intentional infliction of emotional distress, which are generally characterized as torts under

Texas law. *Brady v. Blue Cross & Blue Shield of Tex., Inc.*, 767 F.Supp. 131, 133 (N.D. Tex. 1991) (Fitzwater, J.) (citing TEX. CIV. PRAC. & REM. CODE § 16.003). "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993).

In answer to the court's questionnaire, Plaintiff concedes that the DCBBB revoked his bail bond surety license at a meeting on April 12, 2012. [Doc. 11 at 1]. As of that date, he was on notice of the substance of his claims, which stemmed from the rejection of his application to renew his bail bond surety license. *See Burns v. Harris County Bail Bond*, 139 F.3d 513, 518-519 (5th Cir. 1998) (applicant's due process and equal protection claims arising from meeting at which county bail bond board denied renewal of bail bond license accrued, under section 1983, as of date of meeting, rather than when license expired, because applicant knew as of meeting that license would not be renewed and his claims arose from rejection of the application). Because Plaintiff did not file his complaint until April 15, 2014, one day after the two-year limitations period elapsed[1], his claims are time barred and should be dismissed with prejudice. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

Plaintiff also pleads a false light claim. [Doc. 3 at 1]. However, "Texas has soundly rejected the false light tort as being duplicative of existing causes of action which provide more procedural safeguards." *Cantu v. Rocha*, 77 F.3d 795, 809 (5th Cir. 1996) (citing *Cain v. Hearst Corp.*, 878 S.W.2d 577, 578 (Tex. 1994)).

---

[1] The two-year limitations period elapsed on April 12, 2014. However, because that date fell on a Saturday, the limitations period was extended to the following Monday, April 14, 2014. *See* FED. R. CIV. P. 6(a)(1)(C).

In addition, insofar as Plaintiff attempts to sue the DCBBB for racial discrimination and hostile and abusive work environment under Title VII, the Rehabilitation Act, and the ADEA, his claims fare no better. [Doc. 3 at 6]. Plaintiff concedes the DCBBB was not his employer, but only an entity that oversaw his bail bond business. [Doc. 8 at 4]. Thus, the DCBBB did not engage in any unlawful employment practices that would be actionable under the statutes mentioned in the complaint. See *Foley v. Univ. of Houston Sys.,* 355 F.3d 333, 340 n. 8 (5th Cir.2003) ("Title VII is available only against an employer."). Moreover, Plaintiff admits that he did not exhaust his administrative remedies under Title VII prior to filing this action [Doc. 8 at 5] – namely submitting a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and obtaining a right to sue letter. See *National Assn. of Gov't Employees v. City Pub. Serv. Bd.,* 40 F.3d 698, 711-712 (5th Cir. 1994) (unless an employment discrimination claim has first been timely filed with the EEOC, 42 U.S.C. §§ 2000e-5(e)(1) & (f)(1), the court is barred from adjudicating it). Accordingly, Plaintiff's employment discrimination claims fail "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

SIGNED July 21, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE